PROB 12C
Rev 2/03

# United States District Court

APR 1 2 2007

for

## Southern District of Ohio

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: **Kevin Davis**　　　　　　　　　　　　　Case Number: **1:02CR00046**

Name of Sentencing Judicial Officer:　　**The Honorable Susan J. Dlott**
　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**

Date of Original Sentence: **January 6, 2003**

Original Offense: **Count 1: Felon in Possession of Ammunition, in violation of 18 USC §§ 922(g)(1) and 924(a)(2), a class C felony.**

　　　　　　　　　　**Count 2: Possession with Intent to Distribute Cocaine Base, in violation of 21 USC §§ 841(a)(1) and (b)(1)(B), a class B felony.**

Original Sentence: **41 months BOP confinement, 3 years supervised release, $200 special assessment.**

Type of Supervision: **Supervised Release**　　　　Date Supervision Commenced: **February 24, 2006**

Assistant U.S. Attorney: **Timothy D. Oakley, esq.**　　Defense Attorney: **C. Ransom Hudson, esq.**

## PETITIONING THE COURT

[X]　To issue a warrant
[ ]　To issue an Order to Appear and Show Cause
[ ]　To grant an exception to revocation without a hearing.

| Violation Number | Nature of Noncompliance |
|---|---|
| #1 | **Standard Condition: You shall not commit another Federal, state, or local crime and shall not illegally possess a controlled substance;** |

　　　　　　　　On November 15, 2006, Davis was directly indicted by the Hamilton County Grand Jury for two counts of Trafficking in Cocaine. The first count was a fourth degree felony carrying a maximum term of 18 months imprisonment. The second count was a fifth degree felony carrying a maximum penalty of twelve months confinement. On March 28, 2007, as a result of a plea bargain, Davis was convicted of two counts of Aggravated Criminal Trespassing in order to avoid revocation in federal court. He was sentenced to two years probation.

　　　　　　　　The facts are, on September 5, 2006, Davis sold .47 grams of crack cocaine to a female undercover Cincinnati police officer. On September 7, 2006, Davis again sold .28 grams of crack cocaine to an undercover female Cincinnati police officer. The Hamilton County Crime Laboratory tested and confirmed the controlled substances in each occasion to be Cocaine Base, also known as Crack Cocaine. This officer interviewed the undercover officer, who confirmed hand to hand sales in both instances.

It should be noted, 18 USC § 3583(g)(1) requires revocation for possession of controlled substance.

#2   **Condition #12: You shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court;**

Upon his arrest for two counts of drug trafficking, Davis worked as an informant for the uncover officer of the Cincinnati police without the knowledge of this officer or the permission of the Court as required. Davis had signed the conditions of supervision stating he understood all of the rules and regulations.

This officer spoke with the undercover officer about the new offenses, and she disclosed Davis's conduct in the new charges and the work and cooperation Davis had provided in other drug transactions. This officer talked with the officer about the rule violation and she agreed to no longer work with Davis. Davis's state attorney also inquired why Davis was no longer allowed to work for the police, and again this officer explained the rule and faxed him a copy of the policy and procedures required to obtain permission for the Court.

**U.S. Probation Officer Recommendation:**

Davis returned to drug trafficking activities despite the title of the convictions for which he plead guilty as a result of a plea bargain to avoid federal revocation proceedings. There is clear evidence of the drug trafficking activities through the undercover officer's statements of Davis's conduct in the offenses, the work he did for the undercover officer in attempts to help his situation in the Common Pleas Court, and the lab results confirming the substances obtained as a result of the two transactions were in fact crack cocaine. The guidelines indicate that the violations are based on the actual conduct rather the convictions. The conduct in this case is drug trafficking. Finally, statute requires revocation for possession of a controlled substance.

Therefore, this officer is respectfully recommending a warrant be issued for supervised release violation, and the term of supervised release be revoked.

The term of supervision should be:

    [X]    Revoked.
    [ ]    Extended for  years, for a total term of  years.
    [ ]    Continued based upon the exception to revocation under 18 USC 3563(e) or 3583(d)
    [ ]    The conditions of supervision should be modified as follows:

I declare under penalty of perjury that                                    Approved,
the foregoing is true and correct.
Executed on **April 11, 2007**

                                                                                 by

Robert C. Frommeyer Jr.                                                  John Cole
U.S. Probation Officer                                                   Supervising U.S. Probation Officer
                                                                                        Date:    **April 11, 2007**

PROB 12C
Rev 2/03

3

RE:   Kevin Davis
      CR-1-02-046

THE COURT ORDERS:

[ ]   No Action
[X]   The Court finds that there is probable cause to believe the defendant has violated the conditions of his supervised release and orders the Issuance of a Warrant for his arrest.
[ ]   The Issuance of an Order to Appear and Show Cause
[ ]   The Court finds the defendant can benefit from continued substance abuse treatment and grants an exception to revocation. The supervision term of the defendant is continued under all original terms and conditions.
[ ]   Other

*Susan J. Dlott*
Signature of Judicial Officer

April 13, 2007
Date